UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


WILLIE LIONEL KEYS, ET AL

                                        CIVIL ACTION

VERSUS

                                        NUMBER 12-49-FJP-SCR

DEAN MORRIS, LLP, ET AL


### NOTICE

        Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

        In accordance with 28 U.S.C. §636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

        ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 27, 2012.


                            STEPHEN C. RIEDLINGER
                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


WILLIE LIONEL KEYS, ET AL

CIVIL ACTION

VERSUS

NUMBER 12-49-FJP-SCR

DEAN MORRIS, LLP, ET AL


**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by the plaintiffs Willie Lionel Keyes and Cheryl Lynette Keyes.  Record document number 3.  The motion is opposed.[1]

Plaintiffs filed a Petition to Enforce Judicial Mortgage and to Recover Loss Sustained in state court on December 14, 2011 against defendants Dean Morris LLP, Coldwell Banker Mackey Company, Key Mortgage Services, Inc., Jamie Crane and Family Enterprises, Inc.[2]  Defendants removed the case to this court on January 27, 2012 based on federal question jurisdiction under 28 U.S.C. § 1331. Defendants alleged jurisdiction under federal law, based on the plaintiff's allegations that their constitutional rights under the Fourteenth Amendment were violated by the defendants' failure to provide notice and due process before selling the property on which

---

[1] Record document number 4.  Plaintiffs also filed a reply memorandum.  Record document number 8.

[2] Record document number 1-2, Exhibit A.

they had a recorded judicial mortgage.[3]

On February 27, 2012 the plaintiffs timely moved to remand this case to state court. Plaintiffs asserted two grounds for remand: (1) the defendants failed to give the plaintiffs written notice of the filing of the Notice of Removal as required by 28 U.S.C. § 1446(d); and, (2) under the "first-to-file" rule the case should be remanded to state court which was the first court that properly had jurisdiction. Plaintiffs also sought an award of expenses incurred in connection with the removal.[4]

For the reasons which follow the plaintiffs' Motion to Remand should be denied.

**Failure to Provide Notice under 28 U.S.C. § 1446(d)**

Section § 1446(d) provides as follows:

**(d) Notice to adverse parties and State court.--**
Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

Plaintiffs stated that they had regular communications with the defendants after service of their petition. However, during this time period the defendants never gave written notice as

---

[3] *Id.*, ¶¶ 17-29; record document number 1, Notice of Removal, ¶¶ 4 and 5.

[4] 28 U.S.C. § 1447(c).

required by § 1446(d) or even mentioned filing the Notice of Removal. According to the plaintiffs, they first received notice of the removal on February 22, 2012 when this court sent the electronic notice of the scheduling conference to their attorney.[5] Plaintiffs argued that this defect in the defendants' removal justifies remanding the case.

Defendants argued that the notice issue does not warrant remand for two reasons: (1) a copy of the Notice of Removal was mailed to all parties and/or their counsel, which they assert is supported by the Certificate of Service filed with the Notice of Removal and the affidavit of defense counsel's legal assistant, Kyle Philip Bailey; and, (2) even if the plaintiffs did not receive the written notice as required by § 1446(d), the defect in the removal is procedural, not jurisdictional, and can be cured without any prejudice to the plaintiffs.

In their reply memorandum the plaintiffs argued that Bailey's affidavit is not sufficient to establish mailing of the Notice of Removal.[6] Plaintiffs pointed out that the affidavit was not supplied by the attorney who signed the Certificate of Service.[7]

---

[5] Record document number 3-3, Exhibit B.

[6] Record document number 4-1, affidavit of Kyle Phillip Bailey.

[7] The certificate of service attached to the Notice of Removal was signed by Benjamin B. Dean and stated that copies of the notice were served by U.S. Mail on January 26, 2012. Record document
(continued...)

Moreover, plaintiffs asserted, Bailey's affidavit did not provide the date that he mailed the Notice of Removal.

Plaintiff's argument that the affidavit is ambiguous and fails to establish compliance with § 1446(d) is persuasive. Bailey stated:

5. On the 27th day of January, 2012, I [] filed on behalf of Benjamin B. Dean, a Notice of Removal with the United States District Court for the Middle District of Louisiana via the Case Management/Electronic Court Filing System.
6. Upon completion of the CM/ECF filing I [] placed in an envelope a copy of the Notice of Removal with all exhibits and addressed same to [the plaintiffs' attorney].
7. Upon sealing said envelope I [] affixed correct postage by processing package through [a] postage machine.
8. I [] placed the postage-paid envelope properly addressed to [the plaintiffs' attorney] in the out-going mail to be hand delivered to the United States Post Office [].[8]

Clearly, Bailey did not state that the envelope with the Notice of Removal was actually delivered by him to the Post Office, i.e. actually mailed, on January 27 or any other day. Defendants offered no other evidence of when, or if, the January 27 out-going mail was actually delivered to the Post Office. Moreover, Bailey's affidavit conflicts with the Certificate of Service on the Notice of Removal: the Certificate of Service states the date of mailing was January 26, whereas Bailey stated he filed the Notice of Removal on January 27 and implied that it was mailed after it was

---

[7](...continued)
number 1, p. 5.

[8] Record document number 4-1 (emphasis added).

4

filed.

Nevertheless, the deficiency in the notice given by the defendants is not grounds for remand of this case. First, the defect in the removal is not jurisdictional. Plaintiffs concede that this court has subject matter jurisdiction under § 1331 and they do not argue that the failure to provide the written notice is a jurisdictional defect. Second, the defect is procedural and one that can be cured, if necessary, by simply providing the written notice required by § 1446(d). Defendants stated that they filed and served a copy of the Notice of Removal with their opposition to this motion. Even if this later notice is not considered prompt written notice under the statute, the plaintiffs did not argue, nor does the record establish, that they were prejudiced or otherwise harmed as a result of the delay in receiving formal notice. Plaintiffs learned that the case was removed on February 22, 2012 by an email notice to their attorney sent through the court's electronic filing system, and they were able to file a timely motion to remand under § 1447(c).[9] Because any defect in receiving formal notice of the removal has been cured and the plaintiffs have

_____

[9] None of the cases cited by the plaintiffs support their argument that this case should be remanded for a defect in notice under § 1446(d). General rules governing defects in removal procedure do not support remand in these circumstances. *See*, *Carr v. Capital One, N.A.*, 2012 WL 512686, *5 (5th Cir. Feb. 16, 2012) ("Defects in removal procedure are not normally grounds for remand and may be cured."); 14C Wright, Miller, Cooper & Steinman, Federal Practice and Procedure § 3739 (4th ed. 2009)(same).

not been prejudiced, lack of compliance with § 1446(d) does not warrant remanding the case to state court.

**First-to-File Argument**

Essentially for the reasons argued by the defendants, the plaintiffs' first-to-file argument is without merit. Plaintiffs argued that the court should apply this rule and remand the case back to the state court where jurisdiction was first established. However, the first-to-file rule is not applicable to this removal.

The rule is a discretionary doctrine that is applicable when opposing parties have filed separate law suits in different federal district courts concerning the same core facts. The rule does nor require the cases to be identical, only that there be substantial overlap. *International Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677-78 (5th Cir. 2011). The court where the second suit was filed may dismiss, stay or transfer the suit in order to avoid wasteful duplicative litigation, rulings that my intrude on a another court's authority, and piecemeal resolution of issues calling for a uniform result. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). As a general rule the court in which an action was first filed is the appropriate court to determine whether the subsequently filed case involving substantially similar issues should proceed. *Id.; West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728

(5th Cir. 1985).  These circumstances clearly do not exist here. There is only one suit, initially filed in state court and removed by the defendants under § 1441(a) based on federal question jurisdiction.[10]

In summary, neither the lack of prompt written notice pursuant to § 1446(d) nor the first-to-file rule supports remand of this case to state court.


### Recommendation

It is the recommendation of the magistrate judge that the Motion to Remand filed by the plaintiffs Willie Lionel Keyes and Cheryl Lynette Keyes be denied.

Baton Rouge, Louisiana, March 27, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10] With regard to their first-to-file argument, the cases cited by the plaintiffs are consistent with the cases cited here which explain the general principles and application of the first-to-file rule.  Moreover, none of the cases cited by the plaintiffs support their argument that the court should apply the first-to-file rule in this removed case.