UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WILLIE LIONEL KEYS, ET AL.

VERSUS

DEAN MORRIS, LLP, ET AL.

CIVIL ACTION

NO. 12-49-JJB

### RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION

This matter is before the Court on a Motion for Reconsideration of the Court's order denying Dean Morris, LLP's motion for summary judgment (Doc. 51). Plaintiffs Willie Lionel Keys and Cheryl Lynette Keys have filed an opposition to the motion (Doc. 53). Oral argument is not necessary. For the reasons stated herein, the Court **DENIES** the Defendant's motion.

Federal Rule of Civil Procedure 54(b) provides that courts may reconsider interlocutory orders or decisions.[1] A court retains jurisdiction over all the claims in a suit and may alter its earlier decisions until final judgment has been issued. *Livingston Downs Racing Ass'n. v. Jefferson Downs Corporation*, 259 F. Supp. 2d 471, 475 (2002). Final judgment has not been issued in this case, so the instant motion is properly considered under Rule 54(b).

District courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Kemp v. CTL Distribution, Inc.*, No. 09-1109, 2012 U.S. Dist. 860404, at *3 (M.D. La. March 13, 2012). Although courts are concerned with principles of finality and judicial economy, "the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Georgia Pacific, LLC v. Heavy*

---

[1] Dean Morris, LLP improperly asserts that the Court's authority to reconsider decisions falls under Federal Rules of Civil Procedure 59(e) and 60(b). However, this motion to reconsider concerns only interlocutory rulings, and is more appropriately filed under Federal Rule of Civil Procedure 54(b).

*Machines, Inc.*, 2010 WL 2026670, at *2 (M.D. La. May 20, 2010). However, a motion for reconsideration based upon the same arguments only serves to waste the valuable resources of the court. *Id.* "[R]ulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *State of La. v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. Sept. 8, 1995).

The Defendant's motion is composed of the same arguments presented in its original motion and reply. The Defendant, therefore, does not present substantial reasons for reconsideration, and the Court is satisfied that it reaches the correct judgment under law.

Accordingly, the Defendant Dean Morris, LLP's Motion for Reconsideration (Doc. 51-1) is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 30, 2013.

_____
JAMES J. BRADY, DISTRICT JUDGE