UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WILLIE LIONEL KEYES, ET AL

VERSUS

DEAN MORRIS, LLP, ET AL

CIVIL ACTION

NO. 12-049-JJB-SCR

**RULING ON DOUG WELBORN'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion (doc. 77) for Summary Judgment brought by Third-Party Defendant, Doug Welborn in his official capacity as the Clerk of Court and Ex Officio Recorder of Mortgages ("Clerk of Court"). Defendant and Third-Party Plaintiff, Dean Morris, LLP ("Dean Morris"), and Third-Party Defendant, Advanced Abstracts, LLC ("Advanced Abstracts"), have filed oppositions (docs. 82 & 83, respectively), to which the Clerk of Court has replied (docs. 85 & 86, respectively). Dean Morris filed a supplemental memorandum in opposition (doc. 89) to address new arguments asserted by the Clerk of Court in his reply. Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Clerk of Court's motion (doc. 77) is DENIED.

**I. Background**

Plaintiffs, Willie Lionel Keyes and Cheryl Lynette Keyes (the "Keyes"), have filed the instant suit pursuant to 42 U.S.C. § 1983 against Dean Morris and others alleging that they were deprived of their Fourteenth Amendment right to Due Process. The Keyes' claim stems from a previously filed lawsuit in the 19th Judicial District Court Parish of East Baton Rouge entitled *Willie Lionel Keyes and Cheryl Lynette Keyes, as Co-Independent Administrators of the Estate of Ester Peters Keyes v. Christola McKnight*, Docket No. 535,275 (the "state proceeding"). The state proceeding concerned a loan in the amount of $31,900 that Ester Peter Keyes, the Keyes' mother, made to Christola McKnight over a period of four years. The state proceeding resulted

1

in a stipulated judgment (the "McKnight Judgment"), whereby Christola McKnight acknowledged that she was indebted to the estate of Ester Peter Keyes in the amount of $31,900.00. Subsequently, the Keyes were sent into possession of a one-half interest each in the proceeds of the lawsuit against Christola McKnight. On July 27, 2007, the McKnight Judgment was recorded in the mortgage records of East Baton Rouge Parish at Original 893, Bundle 11977.

Prior to the preceding, Christola McKnight came into possession of immovable property located at 2424 Harding Boulevard, Baton Rouge, Louisiana 70807 (the "Property"). On April 8, 2005, GMAC Mortgage Corporation ("GMAC") loaned Christola McKnight $68,000 in exchange for a promissory note in which she promised to repay the amount loaned in monthly installments of principal and interest. The note secured a mortgage on the Property which was recorded in the mortgage records of East Baton Rouge Parish on June 17, 2005 as Original 713, Bundle 11977. Christola McKnight defaulted on the promissory note and GMAC brought suit through its attorney, Dean Morris, to enforce GMAC's security interest in the Property. The Property was seized through this executory proceeding and was later sold at a sheriff's sale to GMAC on March 23, 2011.

The Keyes have instituted the present action alleging that they were not given proper notice of the sheriff's sale which would have afforded them the ability to protect the interest conveyed to them by the judicial lien. The Keyes allege that the failure of Dean Morris and others to provide them with proper notice deprived them of their Due Process rights as guaranteed by the Fourteenth Amendment of the U.S. Constitution. In response, Dean Morris has filed third-party claims against the Clerk of Court and Advanced Abstracts arguing that any failure on their part was due to the negligence of the Clerk of Court and/or Advanced Abstracts.

Dean Morris predicates its negligence claim against the Clerk of Court on the mis-indexing of the McKnight Judgment. Before GMAC sought to enforce its security interest in the Property through Dean Morris, a Mortgage Certificate was requested from the Clerk of Court to determine if there were any encumbrances on the Property. At the time of the request, the McKnight Judgment was improperly indexed under the name "Christola Mc*N*ight." Therefore, when a deputy in the Clerk of Court's office searched under the name submitted, "Christola Mc*K*night," no encumbrances on the Property were revealed on the Mortgage Certificate. Similarly, no encumbrances were revealed when Advanced Abstracts subsequently ran its search.

The Clerk of Court has filed the present motion arguing that he is entitled to summary judgment because neither he nor his office were negligent in preparing the Mortgage Certificate upon which Dean Morris relied. Instead, any fault lies with Advanced Abstracts who could have discovered the judicial mortgage if they had performed a diligent search of the records. In response, Dean Morris and Advanced Abstracts contend that there are genuine issues of material fact that are in dispute and therefore, summary judgment is improper.

**II. Summary Judgment Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential

elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." FED. R. CIV. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322-23.

### III. Discussion

Dean Morris now brings two separate but intertwined claims against the Clerk of Court for his alleged negligence: (1) failure to properly index the McKnight Judgment; and (2) failure to disclose the McKnight Judgment on the Mortgage Certificate. The Clerk of Court argues that the first claim was not properly alleged in Dean Morris's third-party complaint, and even if it was, the claim has been prescribed. The Clerk of Court further argues that in any event, he is entitled to summary judgment on all of the claims because: (1) Dean Morris was not the party to request the Mortgage Certificate and therefore, was not owed a legal duty; (2) the Mortgage Certificate reflected accurate information based upon the request that was made; and (3) any fault lies with Advanced Abstracts, which had a duty to run a more thorough search of the records than the Clerk of Court's office.

4

The Court finds that the Clerk of Court's arguments concerning the insufficiency and prescription of the first claim are meritless. Dean Morris has properly alleged a claim predicated on the mis-indexing of the McKnight Judgment as it arises out of the Clerk of Court's alleged "failure to properly perform the duties and obligations of the clerk…" *Third-Party Complaint*, Doc. 55, at ¶ 16. Furthermore, the claim based upon the Clerk of Court's mis-indexing of the McKnight Judgment is not prescribed. Under Louisiana law, a claim alleging liability on the part of the clerk must be brought within four years of the act or occurrence giving rise to the claim. La. R.S. 13:750(C). The prescriptive period begins to run from the day that the claimant knew, or should have known, of the act or occurrence giving rise to the claim. *Id.* The Clerk of Court argues that Dean Morris should have known about the mis-indexing of the McKnight Judgment on July 27, 2007, the date that it was mis-indexed, because recordation of the instrument provides the world with notice of its existence. This argument has been rejected by the Supreme Court of Louisiana. *See London Towne Condomium Homeowner's Ass'n v. London Towne Co., et al*, 939 So. 2d 1227 (La. 2006) (rejecting the legal conclusion that recordation in the public records *ipso facto* constitutes constructive notice). That said, however, Dean Morris's claim is not prescribed because prescription has not begun to run as its action against the Clerk of Court is one in indemnity.

"It is well settled that prescription does not commence on a claim for indemnity or contribution until the party seeking it has sustained a loss, either through payment, settlement or an enforceable judgment." *Reggio v. E.T.I.*, 15 So. 3d. 951, 952 (La. 2008). The Supreme Court of Louisiana has defined indemnity by stating the following:

> Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has

5

been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement.

*Nassif v. Sunrise Homes, Inc.*, 739 So. 2d 183, 185 (La. 1999) (citations omitted). The Supreme Court of Louisiana has further explained that, "It has long been held in Louisiana that a party not actually at fault, whose liability results from the faults of others, may recover by way of indemnity from such others." *Id.* at 186 (quoting *Bewley Furniture Co., Inc. v. Maryland Cas. Co.*, 285 So. 2d 216, 219 (La. 1973)). Here, Dean Morris's third-party complaint satisfies the definition of an indemnity action. Dean Morris argues that but for the Clerk of Court's indexing error and subsequent failure to report the McKnight Judgment on the Mortgage Certificate, it would have given proper notice to the Keyes and avoided any potential liability for failure to provide the requisite notice. In its third-party complaint, Dean Morris seeks reimbursement from the Clerk of Court "for all sums for which [Dean Morris] is adjudged to be liable to the plaintiff for damages alleged in his complaint." *Third-Party Complaint*, Doc. 55, at ¶ 23. Therefore, Dean Morris's action against the Clerk of Court is an indemnity action which seeks to hold the Clerk of Court responsible for any liability that it may incur. Given that prescription does not begin to run until "the judgment may be cast," Dean Morris's claim is not prescribed.

Turning its attention to Dean Morris's third-party claims *in toto*, the Court finds that there are genuine issues of material fact that preclude granting summary judgment in this matter. La. R.S. 13:750, which pertains to the liability of the clerk of court, provides that,

> Unless the law relieves him of such, the clerk of court in his official capacity as clerk of the court, ex officio recorder of mortgages and conveyances, or in any other capacity in which he may act, is liable for any damage or loss caused by his failure to properly perform the duties and obligations of the clerk while acting in such capacity or that is caused by the fault of a clerk, his deputies, or the employees of his office arising out of the performance of their duties.

Courts have held that, "[i]n those few cases in which the indexes are incorrect, the clerk must make reparation to parties injured by their reliance on the inaccuracies." *Progressive Bank & Trust Co. v. Dieco Specialty, Inc.*, 378 So.2d 139, 141 (La. App. 1 Cir. 1979).[1] Here, there are several genuine issues of material fact as to whether the Clerk of Court owed Dean Morris a statutory duty and whether his actions or inactions caused him to breach this duty. Moreover, there are genuine issues of material fact as to whether such actions and omissions were the cause of Dean Morris's damages or whether it was the actions or inactions of Advanced Abstracts. As Dean Morris correctly asserts, the apportionment of fault is an issue reserved to the province of the jury. *See Towns v. Georgia Cas & Sur. Co.*, 459 So.2d 124, 125 (La. App. 2 Cir. 1984) ("In an ordinary tort action presenting cause in fact and reasonableness of conduct questions, the determination and apportionment of fault is a factual issue."). Given that there are outstanding genuine issues of material fact, the Clerk of Court's motion for summary judgment must be denied.

## IV. Conclusion

For the reasons stated herein, the Clerk of Court's Motion (doc. 77) for Summary Judgment is DENIED.

Signed in Baton Rouge, Louisiana, on June 4, 2014.

                                         **JUDGE JAMES J. BRADY**
                                         **UNITED STATES DISTRICT COURT**
                                         **MIDDLE DISTRICT OF LOUISIANA**

---

[1] As the quoted language from *Progressive Bank* and a review of the applicable case law makes clear, there is no rule absolving the clerk of court of a legal duty based upon the fact that the claimant was not the party to request the record as the Clerk of Court asserts. Instead, a clerk of court may be held liable for breaching a duty owed to a third-party plaintiff who relied on his inaccurate representations. *See F.D.I.C. v. Greenup*, 517 So.2d 1274, 1276 (La. App. 4 Cir. 1987) (concluding that the duty of a recorder should be limited to those who directly rely upon an erroneous mortgage certificate); *Ralston Purina Co. v. Cone,* 304 So.2d 735, 737 (La. App. 1 Cir. 1974) (finding that the clerk of court breached a duty owed to the third-party plaintiff).