UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WILLIE LIONEL KEYES, ET AL

CIVIL ACTION

VERSUS

NO. 12-049-JJB-SCR

DEAN MORRIS, LLP, ET AL

## RULING ON JAMIE CRANE AND THE MACKEY COMPANY'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion (doc. 75) for Summary Judgment brought by Defendants, Jamie Crane and the Mackey Company[1] (collectively referred to herein as the "Defendants"). Plaintiffs, Willie Lionel Keyes and Cheryl Lynette Keyes (collectively referred to herein as the "Keyes") have filed an opposition (doc. 79), to which the Defendants have filed a reply (doc. 84). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Defendants' Motion (doc. 75) for Summary Judgment is GRANTED.

**I.     Background**

The Keyes have filed the instant suit pursuant to 42 U.S.C. § 1983 against Dean Morris and others alleging that they were deprived of their Fourteenth Amendment right to Due Process. The Keyes' claim stems from a previously filed lawsuit in the 19th Judicial District Court Parish of East Baton Rouge entitled *Willie Lionel Keyes and Cheryl Lynette Keyes, as Co-Independent Administrators of the Estate of Ester Peters Keyes v. Christola McKnight*, Docket No. 535,275 (the "state proceeding"). The state proceeding concerned a loan in the amount of $31,900 that Ester Peter Keyes, the Keyes' mother, made to Christola McKnight over a period of four years. The state proceeding resulted in a stipulated judgment (the "McKnight Judgment"), whereby

---

[1] The Keyes have incorrectly identified the Coldwell Banker Mackey Company as the party to be sued. Such is the trade name of The Mackey Company, the proper party to be named and the party which has responded to the suit.

1

Christola McKnight acknowledged that she was indebted to the estate of Ester Peter Keyes in the amount of $31,900.00. Subsequently, the Keyes were sent into possession of a one-half interest each in the proceeds of the lawsuit against Christola McKnight. On July 27, 2007, the McKnight Judgment was recorded in the mortgage records of East Baton Rouge Parish at Original 893, Bundle 11977.

Prior to the preceding, Christola McKnight came into possession of immovable property located at 2424 Harding Boulevard, Baton Rouge, Louisiana 70807 (the "Property"). On April 8, 2005, GMAC Mortgage Corporation ("GMAC") loaned Christola McKnight $68,000 in exchange for a promissory note in which she promised to repay the amount loaned in monthly installments of principal and interest. The note secured a mortgage on the Property which was recorded in the mortgage records of East Baton Rouge Parish on June 17, 2005 as Original 713, Bundle 11977. Christola McKnight defaulted on the promissory note and GMAC brought suit through its attorney, Dean Morris, to enforce GMAC's security interest in the Property. The Property was seized through this executory proceeding and was later sold at a sheriff's sale to GMAC on March 23, 2011.

Subsequent to the sheriff's sale, the Federal National Mortgage Association ("Fannie Mae") came into possession of GMAC's interest in the Property. Thereafter, Fannie Mae contracted with Jamie Crane, a real estate agent whose sponsoring real estate broker was the Mackey Company, to list and market the Property. Jaime Crane sold the Property to Family Enterprises, Inc. and the Defendants received a commission of $1,625.00 for their services.[2]

The Keyes have instituted the present action alleging that they were not given proper notice of the sheriff's sale which would have afforded them the ability to protect the interest

---

[2] The Keyes assert that the Defendants received a commission of $6,500.00 for their services. However, this is contrary to the evidence. The evidence shows that that the Defendants received $1,625.00 for their services, (*Def. Ex. A.*, Doc. 84, at 9), and that the $6,500.00 was a deposit for the Property (*Def. Ex. C.*, Doc. 84, at 14).

conveyed to them by the judicial lien. The Keyes allege that the failure of Dean Morris and others to provide them with proper notice deprived them of their Due Process rights as guaranteed by the Fourteenth Amendment of the U.S. Constitution. As it pertains to the Mackey Company, the Keyes allege that it "facilitated the sale of the Property without the required constitutional notice to the Petitioners." *Petition*, Doc. 1-2, at ¶ 23. As to Jamie Crane, the Keyes allege that she "had a duty not to facilitate the sale of the immoveable property without properly investigating the title and the public records to the [subject] property and duly notifying Petitioners." *Id.* at ¶ 28. Finally, the Keyes allege that the Defendants knew or should have known about the McKnight Judgment and "acted in concert with, and/or under the color of law, to deprive Petitioners of their constitutional due process right to notice of the sale." *Id.* at ¶ 25.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." FED. R. CIV. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322-23.

### III. Discussion

"Section 1983 provides a remedy if the deprivation of federal rights takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory,' more commonly known as the 'under color of state law' or 'state action' requirement." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982)). "Private individuals generally are not considered to act under color of law, i.e., are not considered state actors . . . ." *Id.* (citing *Lugar*, 457 U.S. at 937). To impose liability, the plaintiff must show that the private individual "was a willful participant in joint activity with the state or its agents." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (citations and quotations omitted).

The Defendants aver that there is no factual or legal basis for imposing liability for the Keyes' alleged deprivation of constitutional rights. Specifically, the Defendants argue that they did not act under the color of state law when they facilitated a private real estate transaction. Defendants further argue that they are not liable in contract or in tort to the Keyes as they were non-parties to the private real estate transaction. In response, the Keyes do not rebut the Defendants' arguments. Instead, the Keyes argue that the Defendants' presence in the suit is

4

required because if the Court rules in their favor and nullifies the sheriff's sale, the Defendants will be required to disgorge their profits from the private sale of the Property. In reply, the Defendants argue that the Keyes did not request a declaration that the sheriff's sale is null and void, and even if they had, the Keyes are not entitled to a disgorgement of the commission from a private sale.

After reviewing the parties' briefs and the case law submitted in support thereof, the Court holds that the Defendants are entitled to summary judgment. It is undisputed that the real estate transaction facilitated by the Defendants was wholly private in nature and devoid of any participation or action on the part of the State. Moreover, the real estate transaction was completely separate from the foreclosure proceeding in which the Keyes allege that they were deprived of their constitutional rights. Without state action, the Keyes cannot assert a cognizable § 1983 claim against the Defendants. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Accordingly, the Keyes § 1983 claim against the Defendants is dismissed.

As to the Keyes remaining claims, the Defendants correctly assert that they cannot be held liable on either a theory of contract or tort. First, there is no contract upon which liability may be imposed or damages recovered. *See* LA. CIV. CODE ANN. ARTS. 1756-58. Second, even assuming that there was a contract between the parties, the Defendants would not be liable in tort as Louisiana law does not impose a duty upon a real estate agent to ensure good title. *See Cotter v. Figaro*, 36 So. 2d 291, 294 (La. App. 1 Cir. 1948) (reviewing Louisiana jurisprudence which allowed real estate agents to assume that the seller would provide marketable title and relieved real estate agents of any duty not assumed to furnish a marketable title). Therefore, the Keyes cannot assert claims against the Defendants sounding in contract or tort.

Given that it is axiomatic that without a basis upon which to impose liability, there can be no recovery, the Keyes' assertion that the Defendants must remain in the suit for the purpose of paying damages in the event that they prevail on the merits is completely without merit. Accordingly, all of the Keyes' claims asserted against the Defendants are dismissed.

**IV. Conclusion**

For the reasons stated herein, the Defendants' Motion (doc. 75) for Summary Judgment is GRANTED. All claims asserted against the Defendants, Jamie Crane and the Mackey Company, are DISMISSED.

Signed in Baton Rouge, Louisiana, on June 4, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**